UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE MEDICAL TEAM, INC. )<br>)<br>        Plaintiff, )<br>)<br>        v. )<br>)<br>MICHAEL O. LEAVITT, )<br>Secretary, of Health and Human Services, )<br>)<br>        Defendant. )<br>) | Case No. 1:06CV001139 (HHK) |

**DEFENDANT'S ANSWER**

Defendant Michael O. Leavitt, Secretary of the Department of Health and Human Services ("the Secretary"), by and through the undersigned counsel, answers Plaintiff's Complaint (the "Complaint") as follows:

FIRST DEFENSE

This action arises solely under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395, *et seq*. ("the Medicare statute"), and the Court's subject matter jurisdiction is limited to review of any final agency decision that is within the scope of 42 U.S.C. § 1395oo(f)(1).

SECOND DEFENSE

Using the same numbered paragraphs as the Complaint, Defendant answers the numbered paragraphs of the Complaint as follows:

    1. Denies the first sentence of this paragraph, except to admit that the Plaintiff TMT is part of a chain of home health agencies which during the relevant period provided various services, including physical therapy services, to patients in various locations in Virginia, Lousiana, and Texas.  Admits the second sentence.  Denies the third sentence, except to admit

that TMT participates in the Medicare program and is subject to the reimbursement rules and restrictions which are set forth in the Medicare statute and in the Secretary's implementing regulations and manual provisions.

2. Denies the first sentence of this paragraph, except to admit that the Secretary, Michael O. Leavitt, is responsible for administration of the Medicare program, and that he has delegated considerable authority for administration of the Medicare program to the Administrator of the Centers for Medicare and Medicaid Services ("CMS") (formerly the Health Care Financing Administration). Admits the second and third sentences. The fourth sentence contains Plaintiff's characterization of its complaint, not allegations of fact, and thus no response is required. The fifth sentence contains Plaintiff's characterization of this action and a conclusion of law, not allegations of fact, and thus no response is required.

3. The first sentence of this paragraph contains Plaintiff's characterization of this action, not allegations of fact, and thus no response is required. The second and third sentences contain Plaintiff's conclusions of law and characterizations of 42 U.S.C. § 1395oo and a provision of the Administrative Procedure Act, 5 U.S.C. § 704, not allegations of fact, to which no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. The Secretary lacks information sufficient to admit or deny the claim that the Plaintiff received the Administrator's decision on April 26, 2006, and on that basis denies the allegations of the fourth sentence. The fifth sentence contains a conclusion of law, not an allegation of fact, to which no response is required.

4. This paragraph contains conclusions of law, not allegations of fact, to which no

response is required.

5. This paragraph contains conclusions of law and characterizations of 42 U.S.C. § 1395oo(f), not allegations of fact, to which no response is required. The cited provision speaks for itself, and thus Defendant respectfully refers the Court to 42 U.S.C. § 1395oo(f) for a complete and accurate statement of its contents. To the extent any response is required, denies.

6. Admits the first sentence of this paragraph. The second sentence contains Plaintiff's characterizations of various provisions of the Medicare statute, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Admits the third sentence. Denies the fourth sentence, except to admit that CMS often contracts with entities, including private insurance companies, to act as Medicare fiscal intermediaries, which act as the Secretary's agents in determining and processing payments to Medicare providers.

7. The first sentence of this paragraph contains a conclusion of law and Plaintiff's characterization of 42 U.S.C. § 1395x(v), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the second sentence, except to admit that during the relevant period providers could receive Medicare reimbursement for the reasonable cost of certain covered services, including some physical therapy services, provided they complied with the Medicare statute, implementing regulations, manual provisions, and other program rules.

8. This paragraph contains conclusions of law and an excerpt from and Plaintiff's

characterizations of 42 U.S.C. § 1395x(v)(5)(A), not allegations of fact, and thus no response is required.  The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

9.  This paragraph contains conclusions of law and Plaintiff's characterizations of 42 C.F.R. § 413.106, not allegations of fact, and thus no response is required.  The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

10.  The first, second, third, and fourth sentences of this paragraph contain Plaintiff's excerpts from and characterizations of 42 C.F.R. § 413.106, not allegations of fact, and thus no response is required.  The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.  Denies the fifth sentence, except to admit that salary equivalency guidelines were announced in a 1981 proposed rule and in a 1983 final rule, and that these guidelines were adjusted upward at regular intervals throughout the relevant period.

11.  Admits the first and second sentences of this paragraph.  Denies the third sentence.  The fourth sentence contains an excerpt from section 1403 of the Provider Reimbursement Manual ("PRM").  The Secretary admits that the excerpt is mostly accurate, but respectfully refers the Court to the cited provision, which can be found at pages 278-79 of the Administrative Record in this case ("A.R."), for a complete and accurate statement of its contents.  Denies the fifth sentence.

12. Admits the first sentence. The second sentence contains an excerpt from PRM § 1403. The Secretary admits that the excerpt is accurate, but respectfully refers the Court to the cited provision, which can be found at AR 278-79, for a complete and accurate statement of its contents. The third sentence contains a conclusion of law, Plaintiff's characterization of PRM § 1403, and Plaintiff's characterization of the Administrator's April 26, 2006 decision, not allegations of fact, and thus no response is required. To the extent any response is deemed necessary, the Secretary denies Plaintiff's characterization of PRM § 1403 and the Administrator's decision, which speak for themselves, and respectfully refers the Court to the cited provision and the decision, for a full and accurate statement of their contents. (See A.R. 2-12, 278-79).

13. Denies the first sentence of this paragraph, except to admit that the Administrator, his delegates, and his predecessors have taken the position that the Salary Equivalency Guidelines may be applied to the payments made by providers to therapist-employees who are paid on a per-visit basis. Based on the wording of the Complaint, the Secretary is unable to determine which "case rulings" are referred to in the second sentence, and on that basis denies the allegations of that sentence.

14. The first and second sentences of this paragraph contain conclusions of law and an excerpt from and Plaintiff's characterization of 63 Fed. Reg. 5106-01 (Jan. 30, 1998) and 42 C.F.R. § 413.106(c)(5) (Jan. 30, 1998), not allegations of fact, and thus no response is required. The Secretary admits that the excerpt is accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Denies the third and fourth sentences.

15. Denies.

16. Admits.

17. Denies the first sentence of this paragraph, except to admit that, in connection with the cost reporting periods for Plaintiff's Fiscal Years 1996 and 1997, both employees and contractors of the Plaintiff supplied physical therapy services to its patients, and that Plaintiff has alleged that its physical therapist-employees were treated in certain respects like its other employees. Admits the second and third sentences.

18. Denies the first sentence of this paragraph, except to admit that Medicare providers are required to submit their claims for payment to fiscal intermediaries in some cases, to other CMS contractors in others, and to CMS in still others. Admits the second and third sentences.

19. Admits the first sentence of this paragraph. Denies the second sentence.

20. The first sentence of this paragraph contains Plaintiff's characterization of 42 U.S.C. § 1395oo(a), not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents. Admits the second sentence.

21. Admits the first sentence of this paragraph. Denies the remainder of the paragraph, except to admit that TMT appealed an interest issue to the Provider Reimbursement Review Board ("PRRB") which it later withdrew pursuant to an administrative resolution; that the Intermediary's adjustment applying Medicare's Physical Therapy Compensation Guidelines to TMT's employee physical therapists was considered by the PRRB; and further that the PRRB's decision referenced a December 6, 2005 hearing, although no transcript of the hearing appears in

the administrative record.

22. Admits the first sentence of this paragraph. The remainder of this paragraph contains Plaintiff's characterization of the PRRB's March 3, 2006 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision, for a full and accurate statement of its contents. (See A.R. 25-30).

23. The first sentence of this paragraph contains Plaintiff's characterization of the preconditions to Administrator review of PRRB decisions set forth in 42 U.S.C. § 1395oo(f) and 42 C.F.R. § 405.1875, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the cited provisions, which speak for themselves, and respectfully refers the Court to the cited provisions for a complete and accurate statement of their contents. Denies the second sentence, except to admit that on March 20, 2006, CMS' Center for Medicare Management requested that the Administrator review the PRRB's March 3, 2006 decision.

24. Admits the first sentence of this paragraph. The remainder of this paragraph contains Plaintiff's characterization of the Administrator's April 26, 2006 decision, not allegations of fact, and thus no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the text of the decision for a full and accurate statement of its contents. (See A.R. 2-12).

25. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1 through 24 of the Complaint, as if each answer were set forth in full.

26-28. Denies.

29. The Secretary hereby incorporates by reference Defendant's answers to paragraphs 1

through 28 of the Complaint, as if each answer were set forth in full.

30. This paragraph contains conclusions of law and excerpts from and Plaintiff's characterization of 42 U.S.C. § 1395hh, not allegations of fact, to which no response is required. The Secretary admits that the excerpts are accurate, but denies any characterization of the cited provision, which speaks for itself, and respectfully refers the Court to the cited provision for a complete and accurate statement of its contents.

31. The second sentence of this paragraph contains conclusions of law and is ambiguous and is thus denied on those bases. Defendant denies the remainder of the allegations of this paragraph.

32. The first sentence of this paragraph contains conclusions of law and Plaintiff's characterization of <u>Bowen v. Georgetown University Hospital</u>, 488 U.S. 204 (1998), not allegations of fact, to which no response is required. The Secretary denies any characterization of the decision, which speaks for itself, and respectfully refers the Court to the decision for a complete and accurate statement of its contents. The second sentence contains a conclusion of law, not an allegation of fact, to which no response is required.

33. Denies.

The remaining portions of the Complaint contain Plaintiff's prayer for relief, to which no response is required. To the extent that a response is deemed necessary, the Secretary denies the allegations contained in the remaining portions of the Complaint.

Except to the extent expressly admitted or qualified above, the Secretary denies each and every allegation of Plaintiff's Complaint.

The Secretary respectfully requests the Court to enter judgment dismissing the Complaint,

with prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs and such other relief as the Court may deem appropriate.

The Secretary files herewith a certified copy of the record of the administrative proceedings in this case.

Respectfully submitted,

_____/ s /_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058


_____/ s /_____
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780


JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5344
Washington, D.C. 20201
(202) 205-8703/FAX: (202) 401-1405