UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE MEDICAL TEAM, INC.         )<br>                              )<br>        Plaintiff,            )<br>                              )<br>    v.                        )     Case No. 1:06CV001139 (HHK)<br>                              )<br>MICHAEL O. LEAVITT,            )<br>Secretary, of Health and Human Services,   )<br>                              )<br>        Defendant.             )<br>_____) | |

### STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 20th day of December 2006, between Plaintiff, The Medical Team, Inc. ("Plaintiff"), and Defendant Michael O. Leavitt, in his official capacity as Secretary of the United States Department of Health and Human Services ("the Secretary"). See Fed. R. Civ. P. 41(a)(1)(ii).

WHEREAS, Plaintiff has brought suit in the District Court for the District of Columbia, Civil Action No. 1:06CV001139, challenging the Secretary's final decision regarding Plaintiff's claim for additional Medicare reimbursement for physical therapy services in the fiscal years ending on March 31, 1996 and March 31, 1997 ("FYEs 1996 and 1997"); and

WHEREAS, the Secretary denies any liability to Plaintiff based on its allegations in this litigation; and

WHEREAS, the parties wish to resolve the disputes which are the subject of this civil action without the expense and drain on resources that may be associated with protracted litigation;

NOW THEREFORE, Plaintiff and the Secretary, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal (Stipulation).

1. The Secretary shall pay to Plaintiff the sum of $54,112 (the "payment") in full and final satisfaction of all claims asserted in this litigation, including physical therapy adjustments, interest related thereto, attorney fees, and all costs related to this litigation. The parties agree that for the purpose of making the aforementioned payment, no notice of program reimbursement for Plaintiff's cost reporting periods ending on March 31, 1996 and March 31, 1997 shall be reopened and the cost reports for these fiscal years shall not be re-examined with respect to issues involving the method of compensation for physical therapy services. Nevertheless, at any time during which these cost reports are within the reopening limitation provided by Medicare regulations, the Centers for Medicare & Medicaid Services ("CMS") *may* reopen these cost reports for any issue other than the physical therapy services issue. Furthermore, notwithstanding this or any other provision of this Stipulation, CMS may reopen Plaintiff's May 31, 1996 and May 31, 1997 cost reports for the purpose of complying with any act of Congress requiring CMS to rely on settled cost reports for such year(s) as a basis for adjusting Federal payment rates to providers participating in Medicare; provided, however, CMS will not use any such reopening to seek further payments from the Plaintiff and no payments shall be made to Plaintiff for the reopened year(s). Finally, nothing in this Stipulation shall be construed as preventing the Secretary from reopening any cost report on the basis of reliable evidence of fraud or similar fault, as provided in Medicare regulations.

2. Upon issuance of the check or electronic funds transfer, Plaintiff hereby releases the Secretary and his agents and employees from all claims for Medicare reimbursement based upon compensation for physical therapy services for FYEs 1996 and 1997.

3. The Secretary shall make the payment by check or by electronic funds transfer within sixty (60) days after the receipt by the undersigned counsel of the fully executed copy of this Stipulation in pdf format.

4. This is a compromise and settlement of disputed claims and demands. Neither this Stipulation, nor the resulting payment, shall constitute an admission of liability or fault on the part of the United States of America or any of its agencies – including but not limited to the United States Department of Health and Human Services and its component agency, the Centers for Medicare & Medicaid Services – its agents, servants, fiscal intermediaries, or employees as to any allegations in the pleadings or otherwise. The Secretary expressly denies any liability in this matter.

5. In entering into this Stipulation, Plaintiff represents that it has completely read the terms of this Stipulation, and that it fully understands and voluntarily accepts the terms of this Stipulation. Plaintiff further represents that it understands the legal and income tax consequences of this Stipulation and has had the opportunity to consult with appropriate experts in this regard. The Secretary and his counsel make no representation concerning the tax consequences of payments made under this Stipulation.

6. This Stipulation does not constitute an admission of fact or law by either party and shall in no way affect any rights, claims, duties, or obligations the parties may have with respect to any other issues not covered by this Stipulation.

7. Plaintiff agrees that the dollar amount to be paid under this Stipulation is in full compensation for any claim for attorney's fees and costs that were or could have been brought under this action pursuant to the Equal Access to Justice Act or any other relevant statute.

8. The parties agree that this document is in settlement solely of Medicare reimbursement issues administered by the Centers for Medicare & Medicaid Services, and that this Stipulation shall in no way alter or affect any right, claims, duties, or obligations the parties may have with respect to any other issues not covered by this Stipulation, including any actions to be taken in the future by either the Secretary's Office of the Inspector General or the United States Department of Justice.

9. This Stipulation may be executed in counterparts, with a separate signature page for each party. All such counterparts and signature pages together shall be deemed to be one document.

10. Execution of this Stipulation shall constitute a dismissal of this action with prejudice pursuant to Fed. R. Civ. Pro. 41(a)(1)(ii), except that either party shall retain the right to bring or prosecute fully and action for breach of this Stipulation or to enforce the terms of this Stipulation.

Executed this \_\_\_20th\_\_\_ day of December, 2006

_____
JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

*[signature]*
MEGAN L. ROSE
Assistant United States Attorney
N.C. Bar No. 28639
Civil Division
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 514-7220/FAX: (202) 514-8780


JONATHAN C. BRUMER
D.C. Bar No. 463328
U.S. Department of Health and Human Services
Office of the General Counsel
Centers for Medicare and Medicaid Services
 Division
330 Independence Ave., S.W.
Cohen Building, Room 5344
Washington, D.C. 20201
(202) 205-8703/FAX: (202) 401-1405

Counsel for the Defendant

*[signature]*
Jack L. B. Gohn
Gohn, Hankey & Stichel, LLP
Suite 2101
201 N. Charles Street
Baltimore, MD 21201
(410) 752-9300/FAX: (410) 752-2519

John W. Jansak
Harriman, Jansak & Wylie, P.A.
401 Washington Avenue, Suite 803
Towson, Maryland 21204
(410) 296-8166/FAX: (410) 296-6623

Counsel for the Plaintiff

The Medical Team, Inc.,
by Nicolas Tzirimis
Vice President and Secretary

- 5 -

SO ORDERED this _____ day of _____, 2006.

_____
Judge Henry H. Kennedy
United States District Court for
 the District of Columbia